*In re* SOUTH BROOKLYN R. & T. CO.

(*Supreme Court, General Term, Second Department.* October 1, 1888.)

EMINENT DOMAIN—PROFILE OF RAILROAD—ADDITIONAL LAND FOR CUT AND FILL.
    Under Laws N. Y. 1850, c. 140, §§ 22, 28, providing that a railroad company, before constructing any part of its road, shall make a profile of its intended route, and give the occupants of land proposed to be taken 15 days' notice thereof, during which they may apply for a change of route, and that for road purposes a strip of land not more than 6 rods wide may be taken, and, at points where cuts or embankments are necessary, enough more to insure their safety, no new profile is necessary before taking such additional land of an owner who did not apply for a change of route, upon its being found necessary to make a cut 70 feet deep at that point.

Appeal from special term, Kings county; CULLEN, Justice.

Application by the South Brooklyn Railroad & Terminal Company for the appointment of appraisers of land sought to be taken for railroad purposes. Mary Gates and George Gates, her husband, and John P. Morris, Sylvester J.

Morris, and Simon B. Morris, executors, etc., of Leah Morris, deceased, were made parties, as being owners of the land. From an order denying the application, the railroad company appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Johnson & Lamb,* for appellant.   *William S. Cogswell,* for respondents.

BARNARD, P. J.   By subdivision 4, § 28, c. 140, Laws 1850, it is provided that railroads, after incorporation, may lay out a road not exceeding six rods in width, and to construct the same, and for the purpose of cuttings and embankments, to take as much more land as may be necessary for the proper construction and security of the road, and to cut down any standing trees that may be in danger of falling on the road; making compensation therefor, as provided in this act, for lands taken for the use of the company. Every railroad company, before constructing any part of its road, is required to make a map and profile of the route intended to be adopted in every county through which the proposed route is located. Section 22. Notice must then be given to all actual occupants of the land proposed to be taken. Fifteen days' time is given to the owner to apply for a change of route. The defendant made a map and profile of its route, and this map included the entire statute width, —99 feet,—and no more. In constructing the road it is necessary to make a cut 70 feet at one part of the route. In making this cut it is necessary to take land adjacent and outside of the 99 feet. No change of route was proposed by the land-owner. The question presented is whether the company can take this additional land without a new map and profile. I think it can. The statute absolutely limits the width of the road, and this strip is taken. It is not reasonable to suppose that the legislature intended that the additional land made necessary, for the security of the road, for slopes, for cuttings, and embankments were at all hazards to be anticipated by the company. So much depends upon the material included in this cut or embankment that nothing but actual experience can give evidence of this need of the additional land required for their safe construction. If the cut develops quicksand, or if the rock is shelly, a need is at once presented for more land, and not certainly until then. It is a more reasonable construction of the railroad act that this additional land was to be taken as its need was developed after the construction was commenced. The order should, therefore, be reversed, with costs and disbursements, and a commission appointed to appraise the land in question. Unless an issue is made on the facts of the petition, leave to make such issue is hereby granted.

PRATT, J., concurred.